UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**CATHERINE ISABELLA MORRIS**                    Civil Case No. 3:14-CV-01018-KI

        Plaintiff,                    OPINION AND ORDER
                                            DISMISSING CASE

    v.

**PORTLAND PUBLIC SCHOOLS,
Superintendent, DISTRICT SCHOOL
BOARD, HUMAN RESOURCES
ADMINISTRATION**

        Defendants.

    Catherine Isabella Morris
    PO Box 173
    Salem, OR 97308

        Pro Se Plaintiff

KING, Judge:

    Plaintiff Catherine Isabella Morris brings a complaint for employment discrimination

(using the court's form) against the Portland Public Schools Superintendent and related entities.

Page 1 - OPINION AND ORDER DISMISSING CASE

Plaintiff moves to proceed *in forma pauperis*. An examination of the application reveals that she is unable to afford the costs of this action.

However, under 28 U.S.C. § 1915(e)(2), the court may dismiss a case if the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Pro se* complaints are construed liberally and may only be dismissed "'for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Engebretson v. Mahoney, 724 F.3d 1034, 1037 (9th Cir. 2013) (quoting Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011)). The court should allow a *pro se* plaintiff to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment. Johnson v. Lucent Tech. Inc., 653 F.3d 1000, 1011 (9th Cir. 2011).

First, plaintiff must comply with Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff fails to allege any facts about how any of the named defendants were involved in the alleged conduct. Plaintiff's allegations fail to put any defendant on notice of the nature of her claims.

Additionally, plaintiff indicates she brings her employment discrimination claims under Title VII of the Civil Rights Act of 1964, the Oregon statutory analogs, the First and Fourteenth Amendments to the U.S. Constitution, and "Title IX."[1] She alleges the discriminatory acts occurred between the years 2006 and 2009, that she filed a charge with the Equal Employment

---

[1] She also cites 18 U.S.C. § 241, for what she characterizes as "Conspiracy against Rights," but that statue is a criminal statute prohibiting conspiracies against an individual's constitutional rights. Plaintiff has no private right of action for violation of this criminal statute.

Opportunity Commission in 2009, and that she obtained a Notice of Right to Sue letter in December 2010. She places most of the factual allegations between the years 2008 and 2011.

Plaintiff was required to bring her Title VII discrimination claims within 300 days of the alleged unlawful employment practice. With respect to her Oregon claims, she was required to file her complaint "within one year after the occurrence of the unlawful employment practice" or within 90 days of the mailing of the 90-day notice to the complainant. ORS 659A.875(1) and (2). Plaintiff's employment discrimination claims are time-barred.

Plaintiff's alleged constitutional violations must be brought under 42 U.S.C. § 1983. That statute authorizes an injured plaintiff to assert a claim for relief against a person who, acting under color of state law, violated the plaintiff's federally protected rights. A claim under § 1983 must be brought within the statute of limitations as determined by state law. Harding v. Galceran, 886 F.2d 906, 907 (9th Cir. 1989). The same is true with respect to plaintiff's alleged Title IX claim. Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1134 (9th Cir. 2006). Such claims are characterized as personal injury actions. Harding, 886 F.2d at 907; Stanley, 433 F.3d at 1135-36. In Oregon, the period within which to bring a personal injury action is two years. ORS 12.110(1). Accordingly, plaintiff's constitutional and Title IX claims are also time-barred.

The only two factual allegations plaintiff identifies as occurring within the last two years are as follows:

- "Conspiracy Against Rights w/ PAT-OEA-NEA and US DOJ/Oregon 2009 to current"

Page 3 - OPINION AND ORDER DISMISSING CASE

- "Contract negotiations and online communications in 12/13 and 13/14 w/ community, government, lesbian coalition and other populations . . . ."

Normally, the court must advise a pro se plaintiff of the deficiencies of the complaint and allow amendment. Because I cannot decipher her claims, I am unable to provide any advice. It is clear the complaint's deficiencies cannot be cured by amendment and I dismiss this complaint with prejudice.

## CONCLUSION

Because the action fails to state a claim upon which relief may be granted, I dismiss this action. I find any further amendments would be futile. As a result, this complaint is dismissed with prejudice.

IT IS SO ORDERED.

DATED this  11th  day of July, 2014.

/s/ Garr M. King
GARR M. KING
United States District Court Judge